## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | | |
|---|---|---|
| WILLIAM LEVY, individually, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN A. LERMAN & | ) | |
| ASSOCIATES, INC., a California | ) | |
| Corporation, STEVEN A. LERMAN, | ) | |
| ESQ., individually, and KARLA | ) | |
| ALVAREZ, a minor, by and through | ) | |
| her mother and natural guardian, ANA | ) | |
| SAUCEDO, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM LEVY (hereinafter "LEVY"), by and through the undersigned counsel, sues Defendants, STEVEN A. LERMAN, ESQ. (hereinafter "LERMAN"), STEVEN A. LERMAN & ASSOCIATES, INC. (hereinafter "LAW FIRM"), and KARLA ALVAREZ (hereinafter "ALVAREZ"), a minor by and through her mother and natural guardian, ANA SAUCEDO and alleges:

### JURISDICTION

1.     Plaintiff LEVY is, and was at all times material hereto, a resident of Miami, Dade County, Florida and citizen of the State of Florida and over the age of eighteen (18) years.

2.     Defendant LERMAN is, and was at all times material hereto, a resident and citizen of the State of California and over the age of eighteen (18) years. He is also an attorney, licensed to practice law in California.

3.      Defendant LAW FIRM is and was, at all times material hereto, a law firm incorporated under the laws of the State of California with its principal place of business in Los Angeles, California.

4.      At all times material hereto, Defendant ALVAREZ was a minor, and resides in the city of Whittier, Los Angeles County in the State of California.

5.      The amount in controversy exceeds the sum of $75,000, exclusive of interest, attorneys fees and costs.

6.      At all times material hereto, Plaintiff LEVY was a resident of the State of Florida and Defendants LERMAN, LAW FIRM, and ALVAREZ are residents or doing business out of the State of California.

7.      There is complete diversity of citizenship and therefore, jurisdiction exists pursuant to 28 U.S.C. § 1332.

## VENUE

8.      Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391 as the case in controversy arose and was perfected in Florida by virtue of Defendants, LAW FIRM and LERMAN, mailing a letter (attached herewith as Exhibit "A") to Florida with the malicious and specific intent to extort monies from LEVY.

## GENERAL ALLEGATIONS

9.      At all times material hereto, Plaintiff LEVY, was and is, an unmarried, highly recognized actor in the U.S. and Spanish entertainment industry.

10.     On or about July 18, 2010, LEVY was working as an actor in a live theater production called "Una Amante ha la Medida" (A Lover Made to Suit) at a theater, in Glendale, California.

- 2 -

11.     Unbeknownst to LEVY, Defendant ALVAREZ had originally started working at the subject theater as a box office clerk weeks before and somehow managed to change her responsibilities to a personal assistant.

12.     As a personal assistant, Defendant ALVAREZ made several attempts to place herself in situations where she would be present during LEVY'S wardrobe changes during the course of the production. However, LEVY refused her assistance and informed her that he needed no assistance.

13.     Thereafter, on the evening of July 18, 2010, LEVY had dinner at a restaurant close to the Hotel where he was staying. After dinner, LEVY returned to his hotel room where he proceeded to go to sleep. At approximately 2:00 am, July 19, 2010, LEVY was awakened by one of the shows producers who invited him to have cocktails at the same restaurant he initially had dinner the night before.

14.     After much prodding, LEVY acquiesced and both men went down to the restaurant. At the time they arrived at the restaurant, which was approximately 2:30 am, Defendant, ALVAREZ, and another individual also a producer from the same theatrical production were present.

15.     During the cocktails, Defendant ALVAREZ moved closer to LEVY and made conversation with same. As the night drew to a close producer, ALVAREZ, and LEVY went up to Plaintiff's room for the purpose of waiting for her transportation to arrive.

16.     At all times material hereto, Defendant ALVAREZ had informed the witnesses that she was nineteen (19) years old.

17.     At all times material hereto, based on Defendant ALVAREZ'S representations, LEVY was acting under an honest and reasonable belief that ALVAREZ was a 19 year old adult.

- 3 -

18.     Thereafter, Defendant, ALVAREZ left the room at approximately 4:00 am on July 19, 2010.

19.     On Wednesday July 21, 2010, Plaintiff was informed that Defendant ALVAREZ had filed criminal charges against him for non consensual oral copulation and battery on a minor. Defendant ALVAREZ claimed that LEVY knew she was seventeen (17) years old while she allegedly performed oral copulation on him.

20.     The Glendale police conducted a complete and thorough investigation of Defendant ALVAREZ'S allegations, including the interviewing of LEVY and the witnesses and concluded that there was no probable cause sufficient to proceed against LEVY.

21.     Thereafter, LEVY through his attorneys, received a letter in Miami, Florida from Defendant LERMAN'S office in Los Angeles, California (attached hereto as Exhibit "A") implying that unless LEVY paid Defendant ALVAREZ $950,000.00 in exchange for a release, that the matter would be "shared" with the Spanish media and that suit would be filed in the pleading form attached to the letter.

22.     At all times material hereto, Defendant LERMAN knew that the suit papers attached to the August 3, 2010 letter (attached herewith as Exhibit "B") clearly and maliciously misstated the facts so as to place the Plaintiff in a negative light with the public. Defendant LERMAN'S sole purpose for the letter was to blackmail and/or extort LEVY into a settlement for apprehension of having the outlandish allegations made public, given LEVY'S dependence on his public persona.

23.     The Defendant ALVAREZ'S allegations state that LEVY held her against her will, threatened her, strangled her and forced her to have oral copulation. The allegations further state that LEVY transmitted a sexually transmitted disease (hereinafter "STD") to Defendant

ALVAREZ. All of these allegations are known to be false by Defendant LERMAN and LAW FIRM. None of these allegations were corroborated by the authorities nor is there any evidence which would support such allegations.

24.     At all times material hereto, Defendant ALVAREZ and Defendant LERMAN acted in concert and with deliberate malice to cause LEVY harm by virtue of attempting to blackmail/extort him into a settlement for alleged acts defendants knew were fabricated and untrue.

## COUNT I
## CLAIM FOR CIVIL EXTORTION AGAINST DEFENDANT LERMAN

Plaintiff adopts and re-avers paragraphs 1 through 24 as if fully set forth herein, and further states:

25.     Defendant LERMAN, LAW FIRM, and ALVAREZ, entered into an agreement to extort monies from LEVY by threatening to publish false statements about LEVY to the Spanish media. Defendants LERMAN, LAW FIRM, and ALVAREZ knew that LEVY is a rising star whose reputation and image is wholesome.   Defendants LERMAN, LAW FIRM, and ALVAREZ know that LEVY wants to protect his image and Defendants LERMAN, LAW FIRM, and ALVAREZ intend to extort funds from LEVY with the threat of publishing false statements unless remuneration is paid to Defendants LERMAN, LAW FIRM and ALVAREZ.

26.     Defendants LERMAN, LAW FIRM, and ALVAREZ had the specific and malicious intent to extort money by threat of legal action and publishing the false allegations to the "Spanish language media" and "tabloids." *See* Exhibit "A" and "B."

27.     Defendants LERMAN, LAW FIRM and ALVAREZ did deliver said Extortion/threat letter, through LAW FIRM to Florida demanding payment, (*see* Exhibit "A") and a proposed complaint for damages (*see* Exhibit "B").

28.     The "Lerman" Letter emphatically states that unless undersigned responds to the Letter by "Monday, August 9, 2010," a Complaint with the false allegations enumerated in paragraph 23 herein will be filed in Superior Court of California and the media will be informed. *See* Exhibit "A."

29.     The specific intent of the threat of suit is designed to extort LEVY by threatening to publish false statements to disgrace LEVY and damage his reputation and employment abilities unless $950,000.00 is paid to Defendants LERMAN, LAW FIRM, and ALVAREZ.

30.     As a proximate result, LEVY has suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment ability, etc.

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory damages and punitive damages against Defendant, LERMAN, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

## COUNT II
## CLAIM FOR CIVIL EXTORTION AGAINST DEFENDANT LAW FIRM

Plaintiff adopts and re-avers paragraphs 1 through 24 as if fully set forth herein, and further states:

31.     Defendants LAW FIRM, ALVAREZ and LERMAN, entered into an agreement to extort monies from LEVY by threatening to publish false statements about LEVY to Spanish media threatening to file a civil complaint alleging false facts.  Defendants LAW FIRM, ALVAREZ and LERMAN knew that LEVY is a rising star whose reputation and image is wholesome.  Defendants LAW FIRM, ALVAREZ and LERMAN know that LEVY wants to protect his image and Defendants LAW FIRM, ALVAREZ and LERMAN intend to extort funds

- 6 -

from LEVY with the threat of publishing false statements unless remuneration is paid to Defendants LAW FIRM, LERMAN, and ALVAREZ.

32.     Defendants LAW FIRM, LERMAN, and ALVAREZ had the specific intent to extort money by threat of legal action and publishing the false allegations to the "Spanish language media" and "tabloids. *See* Exhibit "A" and "B."

33.     Defendants LAW FIRM, LERMAN and ALVAREZ did deliver said Extortion/threat letter, to Florida in the form of a letter demanding payment, (*see* Exhibit "A") and a proposed complaint for damages (*see* Exhibit "B").

34.     The "Lerman" letter emphatically states "settlement demand" is "$950,000" and that unless undersigned responds to the Letter by "Monday, August 9, 2010," a Complaint with the false allegations enumerated in paragraph 24 herein will be filed in Superior Court of California and the media will be informed. *See* Exhibit "A."

35.     The letter was signed by LERMAN and LAW FIRM. *See* Exhibit "A."

36.     The specific intent of the threat of suit is designed to extort LEVY by threatening to publish false statements to disgrace LEVY and damage his reputation and employment abilities unless $950,000.00 is paid to Defendants.

37,     As a proximate result, LEVY has suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment ability, etc.

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory damages against Defendant, LAW FIRM and for all costs of this action, and such other and further relief as this Court may deem just and proper.

## COUNT III
## CLAIM FOR CIVIL EXTORTION AGAINST DEFENDANT ALVAREZ

Plaintiff adopts and re-avers paragraphs 1 through 24 as if fully set forth herein, and further states:

38.     Defendants ALVAREZ, LERMAN, and LAW FIRM maliciously entered into an agreement to extort monies from LEVY by threatening to publish false statements about LEVY to Spanish media.  Defendants ALVAREZ, LERMAN, and LAW FIRM knew that LEVY is a rising star whose reputation and image is wholesome.  Defendants ALVAREZ, LERMAN, and LAW FIRM know that LEVY wants to protect his image and Defendants ALVAREZ, LERMAN, and LAW FIRM intend to extort funds from LEVY with the threat of publishing false statements unless remuneration is paid to Defendants ALVAREZ, LERMAN and LAW FIRM.

39.     Defendants ALVAREZ, LERMAN and LAW FIRM had the specific malicious intent to extort money by threat of legal action and publishing the false allegations to the "Spanish language media" and "tabloids. *See* Exhibits "A" and "B."

40.     Defendants ALVAREZ, LERMAN, and LAW FIRM did maliciously deliver said Extortion/threat letter, through Defendant LAW FIRM to Florida in the form of a letter demanding payment, (*see* Exhibit "A") and a proposed complaint for damages (*see* Exhibit "B").

41.     The "Lerman" letter emphatically states "settlement demand" is "$950.000" and that unless undersigned responds to the Letter by "Monday. August 9, 2010," a Complaint with the false allegations enumerated in paragraph 24 herein will be filed in Superior Court of California and the media will be informed. *See* Exhibit "A."

42.     Letter was signed by LERMAN and LAW FIRM. *See* Exhibit "A."

- 8 -

43.     The specific intent of the threat of suit is designed to extort LEVY by threatening to publish false statements to disgrace LEVY and damage his reputation and employment abilities unless $950,000.00 is paid to Defendants.

44.     As a proximate result, LEVY has suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment ability, etc.

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory and punitive damages against Defendant, ALVAREZ, by and through her mother and natural guardian, ANA SAUCEDO, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

**COUNT IV**
**CLAIM FOR CIVIL CONSPIRACY AGAINST DEFENDANT LERMAN**

Plaintiff adopts and re-avers paragraphs 1 though 24 as if fully set forth herein, and further states:

45.     Defendants LERMAN, LAW FIRM, and ALVAREZ, maliciously agreed to make false allegations against LEVY in order to extort monies from plaintiff by threatening to defame and damage plaintiff's reputation, career and Plaintiff's social standing in the community by threatening to publish false statements about LEVY to the U.S. and Spanish media.

46.     In order to effectuate this conspiracy, Defendants LERMAN, LAW FIRM, and ALVAREZ, maliciously agreed to concoct a story of sexual assault and the contraction of a STD from LEVY in order to further their goals of obtaining an ill-gotten settlement.

47.     Defendants LERMAN, LAW FIRM, and ALVAREZ, maliciously agreed to pursue this extortion attempt knowing that damage would be caused to the reputation, ability to obtain employment, family standing, and standing in the community of LEVY by publishing these false allegations to the public all for the purpose of obtaining an extorted financial settlement.

48.     The agreement consummated between Defendants LERMAN, LAW FIRM, and ALVAREZ was done for the specific and illegal purpose of extortion.

49.     The conspiratorial agreement between Defendants LERMAN, LAW FIRM, and ALVAREZ was done to further the common design of LERMAN, LAW FIRM, and ALVAREZ, to obtain money from the person of LEVY through the dissemination of false allegations. The conspiratorial objective was to threaten to and/or actually publish to the public false allegations that would in turn cause LEVY to agree to pay a settlement to prevent the false allegations from damaging the career of LEVY.

50.     As a proximate result, LEVY has suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment ability, etc.

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory and punitive damages against Defendant, LERMAN, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

### COUNT V
### CLAIM FOR CIVIL CONSPIRACY AGAINST DEFENDANT LAW FIRM

Plaintiff adopts and re-avers paragraphs 1 though 24 as if fully set forth herein, and further states:

- 10 -

51.    Defendants LAW FIRM, ALVAREZ, and LERMAN maliciously agreed to make false allegations against LEVY in order to extort monies from plaintiff by threatening to defame and damage plaintiff's reputation, career and Plaintiff's social standing in the community by threatening to publish false statements about LEVY to the U.S. and Spanish media.

52.    In order to effectuate this conspiracy, the Defendants LAW FIRM, ALVAREZ, and LERMAN maliciously agreed to concoct a story of sexual assault and the contraction of a STD from LEVY in order to further their goals of obtaining an ill-gotten settlement.

53.    Defendants LAW FIRM, ALVAREZ, and LERMAN maliciously agreed to pursue this extortion attempt knowing that damage would be caused to the reputation, ability to obtain employment, family standing, and standing in the community of LEVY by publishing these false allegations to the public all for the purpose of obtaining an extorted financial settlement.

54.    The agreement consummated between Defendants LAW FIRM, ALVAREZ, and LERMAN was done for the specific and illegal purpose of extortion.

55.    The conspiratorial agreement between Defendants LAW FIRM, ALVAREZ, and LERMAN was done to further the common design of LAW FIRM, ALVAREZ, and LERMAN to obtain money from the person of LEVY through the dissemination of false allegations. The conspiratorial objective was to threaten to and/or actually publish to the public false allegations that would in turn cause LEVY to agree to pay a settlement to prevent the false allegations from damaging the career of LEVY.

56.    As a proximate result, LEVY suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief,

humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment abilities, etc.

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory and punitive damages against Defendant, LAW FIRM, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

### COUNT VI
### CLAIM FOR CIVIL CONSPIRACY AGAINST DEFENDANT ALVAREZ

Plaintiff adopts and re-avers paragraphs 1 though 24 as if fully set forth herein, and further states:

57.     Defendants ALVAREZ, LERMAN, and LAW FIRM, maliciously agreed to make false allegations against LEVY in order to extort monies from plaintiff by threatening to defame and damage plaintiff's reputation, career and Plaintiff's social standing in the community by threatening to publish false statements about LEVY to the U.S. and Spanish media.

58.     In order to effectuate this conspiracy, the Defendants ALVAREZ, LERMAN, and LAW FIRM maliciously agreed to concoct a story of sexual assault and the contraction of a STD from LEVY in order to further their goals of obtaining an ill-gotten settlement.

59.     Defendants ALVAREZ, LERMAN, and LAW FIRM, maliciously agreed to pursue this extortion attempt knowing that damage would be caused to the reputation, ability to obtain employment, family standing, and standing in the community of LEVY by publishing these false allegations to the public all for the purpose of obtaining an extorted financial settlement.

60.     The agreement consummated between Defendants ALVAREZ, LERMAN, and LAW FIRM was done for the specific and illegal purpose of extortion.

61.    The conspiratorial agreement between Defendants ALVAREZ, LERMAN, and LAW FIRM was done to further the common design of both ALVAREZ and LERMAN to obtain money from the person of LEVY through the dissemination of false allegations. The conspiratorial objective was to threaten to and/or actually publish to the public false allegations that would in turn cause LEVY to agree to pay a settlement to prevent the false allegations from damaging the career of LEVY.

62.    As a proximate result, LEVY suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment abilities, etc.

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory and punitive damages against Defendant, ALVAREZ, by and through her mother and natural guardian, ANA SAUCEDO, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

**COUNT VII**
**CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST LERMAN**

Plaintiff adopts and re-avers paragraphs 1 through 24 as if fully set forth herein, and further states:

63.    Defendants LERMAN, LAW FIRM and ALVAREZ, sent a letter to LEVY in Florida threatening to publish false statements about LEVY to the U.S. and Spanish media and also threatening to file a false civil Complaint in an attempt to extort $950,000.00 from LEVY. *See* Exhibit "A."

64.     Defendants LERMAN. LAW FIRM and ALVAREZ'S extreme and outrageous conduct was carried out with malice and with the intent of causing, or with reckless disregard of the probability of causing, LEVY emotional distress.

65.     Defendants LERMAN. LAW FIRM and ALVAREZ'S aforementioned actions, proximately caused LEVY to suffer, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment abilities, etc.

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory and punitive damages against Defendant, LERMAN, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

**COUNT VIII**
**CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST**
**LAW FIRM**

Plaintiff adopts and re-avers paragraphs 1 through 24 as if fully set forth herein, and further states:

66.     Defendants LAW FIRM, ALVAREZ, and LERMAN, sent a letter to LEVY in Florida threatening to publish false statements about LEVY to the U.S. and Spanish media and also threatening to file a false civil Complaint in an attempt to extort $950,000.00 from LEVY. *See* Exhibit "A."

67.     Defendants LAW FIRM, ALVAREZ, and LERMAN'S extreme and outrageous conduct was carried out with malice and with the intent of causing, or with reckless disregard of the probability of causing, LEVY emotional distress.

- 14 -

68.     Defendants LAW FIRM, ALVAREZ, and LERMAN'S aforementioned actions, proximately caused LEVY to suffer, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment abilities, etc.

**WHEREFORE**, Plaintiff, LEVY demands judgment for compensatory and punitive damages against Defendant, LAW FIRM, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

## COUNT IX
## CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALVAREZ

Plaintiff adopts and re-avers paragraphs 1 through 24 as if fully set forth herein, and further states:

69.     Defendant ALVAREZ maliciously filed a criminal complaint alleging false allegations of sexual misconduct against LEVY.

70.     In addition Defendants ALVAREZ, LERMAN, and LAW FIRM, sent a letter to LEVY in Florida threatening to publish false statements about LEVY to the U.S. and Spanish media and also threatening to file a false civil Complaint in an attempt to extort $950,000.00 from LEVY. *See* Exhibit "A."

71.     Defendants ALVAREZ, LERMAN, and LAW FIRM'S extreme and outrageous conduct was carried out with malice and with the intent of causing, or with reckless disregard of the probability of causing, LEVY emotional distress.

72.     Defendants ALVAREZ, LERMAN, and LAW FIRM'S aforementioned actions, proximately caused LEVY to suffer, and will suffer in the future, damages including, but not

limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of family standing, loss of business relationships, loss of employment abilities, etc.

WHEREFORE, Plaintiff, LEVY demands judgment for compensatory damages and punitive damages against Defendant, ALVAREZ, by and through her mother and natural guardian, ANA SAUCEDO, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

COUNT X
<u>CLAIM FOR WRONGFUL INTERFERENCE WITH ECONOMIC ADVANTAGE
AGAINST DEFENDANT LERMAN</u>

Plaintiff adopts and re-avers paragraphs 1 though 24 as if fully set forth herein, and further states:

73.     Plaintiff LEVY is a highly respected and recognized actor in the U.S. and Spanish entertainment industry.  LEVY has contracts with both theater and Television companies.

74.     Defendant LERMAN, knew of the relationships LEVY has with the U.S and Spanish media. *See* Exhibit "A."

75.     Defendant LERMAN also maliciously intended to disrupt LEVY'S business relationships when Defendants LERMAN, LAW FIRM, and ALVAREZ sent a letter to LEVY in Florida threatening to publish false statements about LEVY to the Spanish media and also threatening to file a false civil Complaint in an attempt to extort $950,000.00 from LEVY. *See* Exhibit "A."

76.     As a proximate result, LEVY has suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief,

humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment abilities, etc

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory and punitive damages against Defendant LERMAN and for all costs of this action, and such other and further relief as this Court may deem just and proper.

**COUNT XI**
**CLAIM FOR WRONGFUL INTERFERENCE WITH ECONOMIC ADVANTAGE**
**AGAINST DEFENDANT LAW FIRM**

Plaintiff adopts and re-avers paragraphs 1 though 24 as if fully set forth herein, and further states:

77.     Plaintiff LEVY is a highly respected and recognized actor in the U.S. and Spanish entertainment industry.  LEVY has contracts with both theater and Television companies.

78.     Defendant LAW FIRM, knew of the relationships LEVY has with the U.S and Spanish media. *See* Exhibit "A."

79.     Defendant LAW FIRM maliciously intended to disrupt LEVY'S business relationships when she filed a criminal complaint alleging fabricated facts against LEVY.

80.     Defendant LAW FIRM also maliciously intended to disrupt LEVY'S business relationships when Defendants LAW FIRM, LERMAN, and ALVAREZ, sent a letter to LEVY in Florida threatening to publish false statements about LEVY to the U.S. and Spanish media and also threatening to file a false civil Complaint in an attempt to extort $950,000.00 from LEVY. *See* Exhibit "A."

81.     As a proximate result, LEVY has suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief,

humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment abilities, etc

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory and punitive damages against Defendant LAW FIRM, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

## COUNT XII
## CLAIM FOR WRONGFUL INTERFERENCE WITH ECONOMIC ADVANTAGE AGAINST DEFENDANT ALVAREZ

Plaintiff adopts and re-avers paragraphs 1 though 24 as if fully set forth herein, and further states:

82.    Plaintiff LEVY is a highly respected and recognized actor in the U.S. and Spanish entertainment industry.  LEVY has contracts with both theater and Television companies.

83.    Defendant ALVAREZ, knew of the relationships LEVY has with the U.S and Spanish media.  Specifically, ALVAREZ was a personal assistant with the theater and knew of LEVY'S duties as an actor. *See* Exhibit "A."

84.    Defendant ALVAREZ maliciously intended to disrupt LEVY'S business relationships when she filed a criminal complaint alleging fabricated facts against LEVY.

85.    Defendant ALVAREZ also maliciously intended to disrupt LEVY'S business relationships when ALVAREZ, LERMAN and LAW FIRM, sent a letter to LEVY in Florida threatening to publish false statements about LEVY to the U.S. and Spanish media and also threatening to file a false civil Complaint in an attempt to extort $950,000.00 from LEVY. *See* Exhibit "A."

86.    As a proximate result, LEVY has suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief,

humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment abilities, etc

    **WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory and punitive damages against Defendant, ALVAREZ, by and through her mother and natural guardian, ANA SAUCEDO, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

**COUNT XIII**
**CLAIM FOR TORTIOUS DECIET AGAINST DEFENDANT ALVAREZ**

    Plaintiff adopts and re-avers paragraphs 1 through 24 as if fully set forth herein, and further states:

    87.    Defendant ALVAREZ, willfully and maliciously deceived Plaintiff, LEVY into believing she was a 19 year old adult.

    88.    Defendant ALVAREZ had the malicious intent to induce LEVY into allowing her to perform oral copulation on him when she told LEVY she was 19.

    89.    LEVY altered his position in reliance upon ALVAREZ'S willful misrepresentation of her age which caused injury and/or risk of criminal prosecution, public vilification, reputation, ability to obtain employment, family standing, and standing in the community.

    90.    As a proximate result, LEVY has suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment abilities, etc

    **WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory, consequential, and punitive damages against Defendant, ALVAREZ, by and through her mother and natural

- 19 -

guardian, ANA SAUCEDO, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

## GENERAL PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory, consequential, and punitive damages amounting to ten million ($10,000,000.00) dollars against Defendants, LERMAN, LAW FIRM, and ALVAREZ, and for all costs of this action, including attorney's fees and costs, and such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff, WILLIAM LEVY, hereby demands a trial by jury of all issues so triable as of right.

Date submitted: 8/11/10

Respectfully submitted,

By:     *s/ RALPH G. PATINO*
**RALPH G. PATINO, ESQ.**
Fla. Bar No. 768881
PATINO & ASSOCIATES, P.A.
Counsel for Plaintiff, WILLIAM LEVY
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone No.: (305) 443-6163
Facsimile No.: (305) 443-5635
Email: rpatino@patinolaw.com