Ralph G. Patino, Esq. *Pro Hac Vice*
rpatino@patinolaw.com
Counsel for Defendant LEVY
225 Alcazar Ave.
Coral Gables, Florida 33134
Tel: 305-443-6163
Fax: 305-443-5635

Seth D. Heyman, Esq., Bar No: 194120
sdh@heymanlegal.com
Co-Counsel for Defendant LEVY
5000 Birch, Suite 500
Irvine, CA 92660
Tel: 760-931-4722
Fax: 760-452-7714

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### Western Division

| | |
|---|---|
| K.A., a minor, individually and through Her Guardian Ad Litem, ANA SAUCEDO,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM LEVY, individually; and DOES 1 through 10, inclusive,<br><br>Defendants | CASE No.: CV10 - 6778 MMM (AGRx)<br>Morrow/Rosenberg<br><br>**Answer, Affirmative Defenses, Counter-claim, and Demand for Jury Trial** |

## DEFENDANT WILLIAM LEVY'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL

COMES NOW the Defendant, WILLIAM LEVY, by and through the

undersigned counsel, and files the following Answer, Affirmative Defenses, Counterclaims, and Demand for Jury Trial and states:

## I. ANSWER

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint; accordingly, such allegations are deemed denied. By way of further answer, the remaining allegations are specifically denied.

2. Defendant solely and specifically admits that WILLIAM LEVY is an individual who resides in Miami-Dade County, Florida. By way of further answer, the remaining allegations are specifically denied.

3. The allegations in Paragraph 3 of Plaintiff's Complaint are denied.

4. The allegations in Paragraph 4 of Plaintiff's Complaint are denied.

5. The allegations in Paragraph 5 of Plaintiff's Complaint are denied.

6. The allegations in Paragraph 6 of Plaintiff's Complaint are denied.

7. The allegations in Paragraph 7 of Plaintiff's Complaint are denied.

8. The allegations in Paragraph 8 of Plaintiff's Complaint are denied.

9. The allegations in Paragraph 9 of Plaintiff's Complaint are denied.

10. The allegations in Paragraph 10 of Plaintiff's Complaint are denied.

11. The allegations in Paragraph 11 of Plaintiff's Complaint are denied.

12. The allegations in Paragraph 12 of Plaintiff's Complaint are denied.

13. The allegations in Paragraph 13 of Plaintiff's Complaint are denied.

14. The allegations in Paragraph 14 of Plaintiff's Complaint are denied.

15. The allegations in Paragraph 15 of Plaintiff's Complaint are denied.

16. The allegations in Paragraph 16 of Plaintiff's Complaint are denied.

17. The allegations in Paragraph 17 of Plaintiff's Complaint are denied.

18. The allegations in Paragraph 18 of Plaintiff's Complaint are denied.

19. The allegations in Paragraph 19 of Plaintiff's Complaint are denied.

20. The allegations in Paragraph 20 of Plaintiff's Complaint are denied.

21. The allegations in Paragraphs 21 of Plaintiff's Complaint are denied.

22. The allegations in Paragraph 22 of Plaintiff's Complaint are denied.

23. The allegations in Paragraph 23 of Plaintiff's Complaint are denied.

24. The allegations in Paragraph 24 of Plaintiff's Complaint are denied.

25. The allegations in Paragraph 25 of Plaintiff's Complaint are denied.

26. The allegations in Paragraph 26 of Plaintiff's Complaint are denied.

27. The allegations in Paragraph 27 of Plaintiff's Complaint are denied.

28. The allegations in Paragraph 28 of Plaintiff's Complaint are denied.

29. The allegations in Paragraph 29 of Plaintiff's Complaint are denied.

30. The Defendant denies each and every allegation not specifically admitted

admitted herein and demands strict proof thereof.

## II. DEMAND FOR JURY TRIAL

Defendant, WILLIAM LEVY, hereby demands a trial by jury of all issues so triable as of right.

## III. AFFIRMATIVE DEFENSES

Defendant, WILLIAM LEVY, reaffirms and realleges his answers to Plaintiff's Complaint in paragraphs 1 through 30 and further pleads the following affirmative defenses:

31. As a first affirmative defense, Defendant LEVY states that all of Plaintiff's claims are barred because at all times material hereto, Plaintiff K.A., freely and without duress or incapacity, gave consent to any and all alleged acts that allegedly caused any damages to Plaintiff, as described in Plaintiff's Complaint.

32. As a second affirmative defense, Defendant LEVY states that all of Plaintiff's claims are barred by superseding, intervening, intentional and/or criminal acts of third parties over which Defendant LEVY had no control.

33. As a third affirmative defense, Defendant LEVY states that all of Plaintiff's claims are barred because at all times material hereto Plaintiff K.A. willfully, fraudulently, and maliciously deceived Defendant LEVY into believing that she was a 19-year-old consenting adult by affirmative assertions, representations and

representations and actions, and caused Defendant LEVY to alter his position in reliance upon such assertions, representations and actions.

34. As a fourth affirmative defense, Defendant LEVY states that Plaintiff's claim of Intentional Infliction of Emotional Distress is barred because at no time material hereto, were Defendant LEVY's alleged actions extreme or outrageous as Defendant LEVY held an honest and reasonable belief, based on Plaintiff's repeated representations and assertions, that Plaintiff K.A. was a competent and consenting adult over the age of 18.

35. As a fifth affirmative defense, Defendant LEVY states that Plaintiff's claim of Intentional Infliction of Emotional Distress is barred because at all times material hereto, Plaintiff K.A.'s alleged emotional and physical distress, as described in Plaintiff's Complaint, was self-inflicted.

36. As a sixth affirmative defense, Defendant LEVY states that Plaintiff's claim of False Imprisonment is barred because at all times material hereto, Plaintiff K.A. was not physically and/or involuntarily restrained. In fact, at all times material hereto, Plaintiff K.A. wished to, and voluntarily entered, the area of the alleged detainment. Plaintiff K.A. wished to and voluntarily remained in the area of the alleged detainment for the period indicated in Plaintiff's Complaint, and was at no point whatsoever, physically restrained.

37. As a seventh affirmative defense, Defendant LEVY states that Plaintiff's claim of False Imprisonment is barred because at all times material hereto, Plaintiff K.A. had both the ability to leave the area of the alleged detainment at any time and the knowledge that she had the ability to leave the area of the alleged detainment at any time.

38. As an eighth affirmative defense, Defendant LEVY states that Plaintiff's claim of False Imprisonment is barred because at all times material hereto, Plaintiff K.A. had contact with others and/or the ability to contact others during the alleged detention through various means, including but not limited to the use of her cellular telephone.

## IV. COUNTERCLAIMS

Defendant, WILLIAM LEVY, reaffirms and realleges his answers to Plaintiff's Complaint in paragraphs 1 through 30 and his Affirmative Defenses in paragraphs 31 through 38 and further pleads the following Counterclaims against Plaintiff K.A.:

## GENERAL ALLEGATIONS

39. At all times material hereto, Defendant LEVY, was and is, an unmarried, highly recognized actor in the U.S. and Spanish entertainment industry.

40. On or about July 18, 2010, LEVY was working as an actor in a live theater

theater production called "Una Amante ha la Medida" (A Lover Made to Suit) at a theater, in Glendale, California.

41. Unbeknownst to LEVY, Plaintiff K.A. had originally started working at the subject theater as a box office clerk weeks before but had somehow managed to change her responsibilities to a personal assistant.

42. As a personal assistant, Plaintiff K.A. made several attempts to place herself in situations where she would be present during LEVY'S wardrobe changes during the course of the production. However, LEVY refused her assistance and informed her that he needed no assistance.

43. Thereafter, on the evening of July 18, 2010, LEVY had dinner at a restaurant close to the Hotel where he was staying. After dinner, LEVY returned to his hotel room where he proceeded to go to sleep. At approximately 2:00 am, July 19, 2010, LEVY was awakened by one of the show's producers who invited him to have cocktails at the same restaurant where he had eaten dinner the night before.

44. After much prodding, LEVY acquiesced and both men went down to the restaurant. At the time they arrived at the restaurant, which was approximately 2:30 am, Plaintiff K.A., and another individual, also a producer for the same theatrical production, were present.

45. During the cocktails, Plaintiff K.A. moved closer to Defendant LEVY and

made conversation with same. As the night drew to a close the producer, K.A., and LEVY went up to Defendant LEVY's room for the purpose of waiting for Plaintiff K.A.'s transportation to arrive.

46. At all times material hereto, Plaintiff K.A. affirmatively asserted and represented to LEVY that she was nineteen (19) years old.

47. At all times material hereto, based on Plaintiff K.A.'S representations, LEVY was acting under an honest and reasonable belief that K.A. was a 19-year-old consenting adult.

48. Thereafter, Plaintiff K.A. left the room at approximately 4:00 am on July 19, 2010.

49. On Wednesday July 21, 2010, LEVY was informed that Plaintiff K.A. had filed criminal charges against him for non-consensual oral copulation and battery on a minor. Plaintiff K.A. claimed that LEVY knew she was seventeen (17) years old while she allegedly performed oral copulation on him.

50. The Glendale police conducted a complete and thorough investigation of Plaintiff K.A.'S allegations, including interviewing LEVY and witnesses and concluded that there was no probable cause sufficient to proceed in a criminal action against LEVY.

51. Thereafter, LEVY through his attorneys, received a letter in Miami, Florida

- 8 -

Florida from Plaintiff K.A.'s attorney's office (hereinafter "Law Firm") in Los Angeles, California (attached hereto as Exhibit "A") stating that unless LEVY paid Plaintiff K.A. $950,000.00 in exchange for a release, that the matter would be "shared" with the Spanish media and that suit would be filed in the pleading form attached to the letter.

52. At all times material hereto, Plaintiff K.A. and her attorney, Steven A. Lerman (hereinafter "Lerman"), knew that the suit papers attached to the August 3, 2010 letter (attached hereto as Exhibit "B") clearly and maliciously misstated the facts so as to place LEVY in a negative light with the public. Plaintiff K.A. and Lerman's sole purpose for sending the letter was to blackmail and/or extort LEVY into a settlement, based on their assumption that, given LEVY's dependence on his public persona, he would be apprehensive of having the outlandish allegations made public.

53. The Plaintiff K.A.'s allegations state that LEVY held her against her will, threatened her, strangled her and forced her to have oral copulation. The allegations further state that LEVY transmitted a sexually transmitted disease (hereinafter "STD") to Plaintiff K.A.. All of these allegations are known to be false and were deliberately fabricated by Plaintiff K.A. and Lerman. None of these allegations were corroborated by the authorities nor is there any evidence which would support such allegations.

54. At all times material hereto, Plaintiff K.A., Lerman and Law Firm acted in

acted in concert and with deliberate malice to cause LEVY harm by virtue of attempting to blackmail/extort him into a settlement for alleged acts Plaintiff K.A. deliberately fabricated and knew to be untrue.

## COUNT I:
## CLAIM FOR CIVIL EXTORTION AGAINST PLAINTIFF K.A.

Defendant WILLIAM LEVY adopts and realleges paragraphs 39 through 54 as if fully set forth herein, and further states:

55. Plaintiff K.A. maliciously entered into an agreement with Lerman, to extort monies from LEVY by threatening to publish false statements about LEVY to Spanish media. Plaintiff K.A., Lerman and Law Firm knew that LEVY is a rising star whose reputation and image is wholesome. Plaintiff K.A., Lerman and Law Firm know that LEVY wants to protect his image and Plaintiff K.A., Lerman and Law Firm intend to extort funds from LEVY with the threat of publishing false statements unless remuneration is paid to Plaintiff K.A. and her attorney.

56. Plaintiff K.A., Lerman and Law Firm had the specific malicious intent to extort money by threat of legal action and publishing the false allegations to the "Spanish language media" and "tabloids. *See* Exhibits "A" and "B."

57. Plaintiff K.A., Lerman and Law Firm did maliciously deliver said Extortion/threat letter, through Lerman's office to Florida in the form of a letter

demanding payment, (*see* Exhibit "A") and a proposed complaint for damages (*see* Exhibit "B").

58. The "Lerman" letter emphatically states "settlement demand" is "$950,000" and that unless undersigned responds to the Letter by "Monday, August 9, 2010," a Complaint with the false allegations enumerated in paragraph 62 herein will be filed in Superior Court of California and the media will be informed. *See* Exhibit "A."

59. The letter was signed by Lerman and his office. *See* Exhibit "A."

60. The specific intent of the threat of suit is designed to extort LEVY by threatening to publish false statements to disgrace LEVY and damage his reputation and employment abilities unless $950,000.00 is paid to Defendants.

61. As a proximate result, LEVY has suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment ability, etc.

**WHEREFORE,** Defendant WILLIAM LEVY demands judgment for compensatory and punitive damages against Plaintiff, K.A., by and through her mother and natural guardian, ANA SAUCEDO, and for all costs of this action, and such other and

and further relief as this Court may deem just and proper.

## COUNT II:
## CLAIM FOR CIVIL CONSPIRACY AGAINST PLAINTIFF K.A.

Defendant WILLIAM LEVY adopts and realleges paragraphs 39 though 54 as if fully set forth herein, and further states:

62. Plaintiff K.A., Lerman and Law Firm, maliciously agreed to make false allegations against LEVY in order to extort monies from Defendant by threatening to defame and damage Defendant's reputation, career and Defendant's social standing in the community by threatening to publish false statements about LEVY to the U.S. and Spanish media.

63. In order to effectuate this conspiracy, the Plaintiff K.A., Lerman and Law Firm maliciously agreed to concoct a story of sexual assault and the contraction of a STD from LEVY in order to further their goals of obtaining an ill-gotten settlement.

64. Plaintiff K.A., Lerman and Law Firm, maliciously agreed to pursue this extortion attempt knowing that damage would be caused to the reputation, ability to obtain employment, family standing, and standing in the community of LEVY by publishing these false allegations to the public all for the purpose of obtaining an extorted financial settlement.

65. The agreement consummated Plaintiff K.A., Lerman and Law Firm was done

done for the specific and illegal purpose of extortion.

66. The conspiratorial agreement between Plaintiff K.A., Lerman and Law Firm was done to further the common design of K.A., Lerman and Law Firm to obtain money from the person of LEVY through the dissemination of false allegations. The conspiratorial objective was to threaten to and/or actually publish to the public false allegations that would in turn cause LEVY to agree to pay a settlement to prevent the false allegations from damaging the career of LEVY.

67. As a proximate result, LEVY suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment abilities, etc.

**WHEREFORE,** Defendant WILLIAM LEVY demands judgment for compensatory and punitive damages against Plaintiff K.A., by and through her mother and natural guardian, ANA SAUCEDO, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

## COUNT III:
## CLAIM FOR INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS AGAINST PLAINTIFF K.A.

Defendant WILLIAM LEVY adopts and realleges paragraphs 39 though 54 as if fully set forth herein, and further states:

68.  Plaintiff K.A. maliciously filed a criminal complaint alleging false allegations of sexual misconduct against LEVY.

69.  In addition, Plaintiff K.A., Lerman and Law Firm, sent a letter to LEVY, threatening to publish false statements about LEVY to the U.S. a Latin media and threatening to file a false civil complaint in an attempt to extort $950,000.00 from LEVY. *See* Exhibit "A."

70.  Plaintiff K.A., Lerman and Law Firm's conduct was extreme and outrageous conduct and was carried out with malice and with the intent of causing, or with reckless disregard of the probability of causing, LEVY sever emotional distress.

71.  Plaintiff K.A., Lerman and Law Firm's aforementioned actions, directly and proximately caused LEVY to suffer and will continue to cause LEVY to suffer in the future, damages, including but not limited to: severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of family standing, loss of business relationships, and loss of employment abilities.

**WHEREFORE,** Defendant WILLIAM LEVY demands judgment for compensatory and punitive damages against Plaintiff K.A., by and through her mother and natural guardian, ANA SAUCEDO, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

## COUNT IV:
## CLAIM FOR TORTIOUS DECEIT PURSUANT TO CAL. CIV. CODE §1709 AGAINST PLAINTIFF K.A.

Defendant WILLIAM LEVY adopts and realleges paragraphs 39 though 54 as if fully set forth herein, and further states:

72. Defendant K.A, willfully and maliciously deceived Plaintiff, LEVY with the intent to induce LEVY to alter his position to his injury or risk.

73. LEVY altered his position in reliance upon K.A.'s willful misrepresentation that she was a 19-year-old consenting adult which caused injury and/or risk of criminal prosecution, public vilification, reputation, ability to obtain employment, family standing, and standing in the community.

74. As a proximate result, LEVY has suffered, and will suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment abilities, etc

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory, consequential, and punitive damages against Defendant, K.A, by and through her mother and natural guardian, ANA SAUCEDO, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

### GENERAL PRAYER FOR RELIEF

**WHEREFORE,** Defendant WILLIAM LEVY demands judgment for compensatory, consequential, and punitive damages against Plaintiff K.A., and for all costs of this action, including attorney's fees and costs, and such other and further relief as this Court may deem just and proper.

Date Submitted September 30, 2010.

By: ___s/ Ralph G. Patino___
Ralph G. Patino, Esq. *Pro Hac Vice*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 29, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of filing.

Notice of filing.

Date submitted:  September 30, 2010 

                                          Respectfully submitted,

                                          By:  s/ Ralph G. Patino 
                                          Ralph G. Patino, Esq. *Pro Hac Vice*
                                          rpatino@patinolaw.com
                                          Counsel for Defendant LEVY
                                          225 Alcazar Ave.
                                          Coral Gables, FL 33134
                                          Tel:  305-443-6163
                                          Fax: 305-443-5635

## SERVICE LIST

**K.A v. William Levy**
**CASE No.: CV10 - 6778 MMM (AGRx)**
**In the United States District Court For the Central District of California**
**Western Division**

Steven A. Lerman, Esq., Bar No: 194120
Counsel for the Plaintiff, K.A.
Steven A. Lerman & Associates, Inc.,
6033 West Century Blvd., Suite
740, Los Angeles, CA 90045
Tel:   760-931-4722
Fax:   760-452-7714
Via U.S. Mail

Seth D. Heyman, Esq., Bar No: 194120
sdh@heymanlegal.com
Co-Counsel for Defendant LEVY
5000 Birch, Suite 500
Irvine, CA 92660
Tel:  760-931-4722
Fax: 760-452-7714
Via Email

Ralph G. Patino, Esq. *Pro Hac Vice*
rpatino@patinolaw.com
Counsel for Defendant LEVY
225 Alcazar Ave.
Coral Gables, FL 33134
Tel:  305-443-6163
Fax: 305-443-5635