### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| WILLIAM LEVY, individually,     ) | Case No.: 10-22916-CIV-Moreno/Torres |
|              ) | |
|     Plaintiff,           ) | |
|              ) | |
| v.                    ) | |
|              ) | |
| STEVEN A. LERMAN &      ) | |
| ASSOCIATES, INC., a California   ) | |
| Corporation, and STEVEN A.LERMAN,  ) | |
| ESQ., individually,        ) | |
|              ) | |
|     Defendants.         ) | |
| _____) | |

### SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM LEVY (hereinafter "LEVY"), by and through the undersigned counsel, sues Defendants, STEVEN A. LERMAN, ESQ. (hereinafter "LERMAN"), and STEVEN A. LERMAN & ASSOCIATES, INC. (hereinafter "LAW FIRM"), and alleges:

### JURISDICTION

1.      Plaintiff LEVY is, and was at all times material hereto, a resident of Miami, Dade County, Florida and citizen of the State of Florida and over the age of eighteen (18) years.

2.      Defendant LERMAN is, and was at all times material hereto, a resident and citizen of the State of California and over the age of eighteen (18) years. He is also an attorney, licensed to practice law in California.

3.      Defendant LAW FIRM is and was, at all times material hereto, a law firm incorporated under the laws of the State of California with its principal place of business in Los Angeles, California.

4.      The amount in controversy exceeds the sum of $75,000, exclusive of interest, attorneys fees and costs.


EXHIBIT
A

5.      At all times material hereto, Plaintiff LEVY was a resident of the State of Florida and Defendants LERMAN, and LAW FIRM are residents or doing business out of the State of California.

6.      There is complete diversity of citizenship and therefore, jurisdiction exists pursuant to 28 U.S.C. § 1332.

## VENUE

7.      Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391 as the case in controversy arose and was perfected in Florida by virtue of Defendants, LAW FIRM and LERMAN, mailing a letter (attached herewith as Exhibit "A") to Florida with the malicious and specific intent to extort monies from LEVY.

## GENERAL ALLEGATIONS

8.      At all times material hereto, Plaintiff LEVY, was and is, an unmarried, highly recognized actor in the U.S. and Spanish entertainment industry.

9.      On or about July 18, 2010, LEVY was working as an actor in a live theater production called "Una Amante ha la Medida" (A Lover Made to Suit) at a theater, in Glendale, California.

10.     Unbeknownst to LEVY, K.A., a minor at the time, had originally started working at the subject theater as a box office clerk weeks before and somehow managed to change her responsibilities to a personal assistant.

11.     As a personal assistant, K.A. made several attempts to place herself in situations where she would be present during LEVY'S wardrobe changes during the course of the production. However, LEVY refused her assistance and informed her that he needed no assistance.

12.     Thereafter, on the evening of July 18, 2010, LEVY had dinner at a restaurant close to the Hotel where he was staying. After dinner, LEVY returned to his hotel room where he proceeded to go to sleep. At approximately 2:00 am, July 19, 2010, LEVY was awakened by one of the shows

- 2 -

producers who invited him to have cocktails at the same restaurant he initially had dinner the night before.

13.     After much prodding, LEVY acquiesced and both men went down to the restaurant. At the time they arrived at the restaurant, which was approximately 2:30 am, K.A., and another individual also a producer from the same theatrical production were present.

14.     During the cocktails, K.A. moved closer to LEVY and made conversation with same. As the night drew to a close, K.A., and LEVY went up to Plaintiff's room for the purpose of waiting for K.A.'s transportation to arrive.

15.     At all times material hereto, K.A. had informed the witnesses that she was nineteen (19) years old.

16.     At all times material hereto, based on K.A.'S representations, LEVY was acting under an honest and reasonable belief that K.A. was a 19-year-old adult.

17.     Thereafter, K.A. left the room at approximately 4:00 am on July 19, 2010.

18.     On Wednesday July 21, 2010, Plaintiff was informed that K.A. had filed criminal charges against him for non consensual oral copulation and battery on a minor. K.A. claimed that LEVY knew she was seventeen (17) years old while she allegedly performed oral copulation on him.

19.     The Glendale police conducted a complete and thorough investigation of K.A.'S allegations, including the interviewing of LEVY and the witnesses and concluded that there was no probable cause sufficient to proceed against LEVY.

20.     Thereafter, LEVY through his attorneys, received a letter in Miami, Florida from Defendant LERMAN'S office in Los Angeles, California (attached hereto as Exhibit "A") stating that unless LEVY paid K.A. $950,000.00 in exchange for a release, that the matter would be "shared" with the Spanish media and that suit would be filed in the pleading form attached to the letter.

21.     At all times material hereto, Defendant LERMAN knew that the suit papers attached to the August 3, 2010 letter (attached herewith as Exhibit "B") clearly and maliciously misstated the

- 3 -

facts so as to place the Plaintiff in a negative light with the public. Defendant LERMAN'S sole purpose for the letter was to blackmail and/or extort LEVY into a settlement for apprehension of having the outlandish allegations made public, given LEVY'S reliance on his public persona for his livelihood.

22.     The K.A.'S allegations state that LEVY held her against her will, threatened her, strangled her and forced her to have oral copulation. The allegations further state that LEVY transmitted a sexually transmitted disease (hereinafter "STD") to K.A.. All of these allegations are known to be false by Defendant LERMAN and LAW FIRM.  None of these allegations were corroborated by the authorities nor is there any evidence which would support such allegations.

23.     At all times material hereto, K.A. and Defendant LERMAN acted in concert and with deliberate malice to cause LEVY harm by virtue of attempting to blackmail/extort him into a settlement for alleged acts defendants knew were fabricated and untrue.

24.     On August 17, 2010, Defendant LERMAN consummated his threat and filed a Complaint against LEVY containing the defamatory language aforementioned.

25.     Defendant LERMAN then conducted interviews with "Escandalo TV," "El Gordo y La Flaca," both, television shows on the Univision National Network, which air, among other places, in Miami, Florida several times each week, and also with "Azteca America".

26.     During those interviews, Defendant LERMAN stated that LEVY is a rapist of little girls, that LEVY is a criminal, that LEVY forced Defendant, K.A.'s head onto his private parts and made her continue until he had a climax, that LEVY had an STD and that LEVY had transmitted that STD to Defendant, K.A.

27.     Defendant Lerman intentionally broadcast the aforementioned false defamatory statements on television shows that aired in Miami, Florida, harming the Plaintiff's reputation with the Latin entertainment audience throughout LEVY's hometown, Miami, and the world.

### COUNT I:
### CLAIM FOR INTENTIONAL INFLICTION OF
### EMOTIONAL DISTRESS AGAINST LERMAN

Plaintiff adopts and realleges paragraphs 1 through 27 as if fully set forth herein, and further states:

28.     Defendants LERMAN, LAW FIRM and K.A., sent a letter to LEVY in Florida threatening to publish false statements about LEVY to the U.S. and Spanish media and also threatening to file a false civil Complaint in an attempt to extort $950,000.00 from LEVY. *See* Exhibit "A."

29.     Defendants LERMAN, LAW FIRM and K.A.'S extreme and outrageous conduct was carried out with malice and with the intent of causing, or with reckless disregard of the probability of causing, LEVY emotional distress.

30.     Defendants LERMAN, LAW FIRM and K.A.'S aforementioned actions, directly and proximately caused LEVY to suffer, and continue to suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment abilities, etc.

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory and punitive damages against Defendant, LERMAN, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

### COUNT II:
### CLAIM FOR INTENTIONAL INFLICTION OF
### EMOTIONAL DISTRESS AGAINST LAW FIRM

Plaintiff adopts and realleges paragraphs 1 through 27 as if fully set forth herein, and further states:

31.     Defendants LAW FIRM and LERMAN and K.A., sent a letter to LEVY in Florida threatening to publish false statements about LEVY to the U.S. and Spanish media and also

threatening to file a false civil Complaint in an attempt to extort $950,000.00 from LEVY. *See* Exhibit "A."

32.    The extreme and outrageous conduct by Defendants LAW FIRM and LERMAN, and K.A. was carried out with malice and with the intent of causing, or with reckless disregard of the probability of causing, LEVY emotional distress.

33.    The aforementioned actions of Defendants LAW FIRM and LERMAN, directly and proximately caused LEVY to suffer, and continue to suffer in the future, damages including, but not limited to, severe emotional distress, mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of reputation, loss of business relationships, loss of family standing, loss of employment abilities, etc.

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory and punitive damages against Defendant, LAW FIRM, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

**COUNT III:**
**CLAIM FOR DEFAMATION**
**AGAINST DEFENDANT, LERMAN**

Plaintiff adopts and realleges paragraphs 1 through 27 as if fully set forth herein, and further states:

34.    Defendant LERMAN published to the Latin media the following defamatory and untrue statements:

   a.    That LEVY is a rapist of little girls.

   b.    That this is not the first time that he has raped girls.

   c.    That LEVY is a criminal.

   d.    That LEVY grabbed K.A. by the neck and forced her head down onto his private parts and made her continue with that until he had a climax.

- 6 -

      e.     K.A. gagged, almost threw up and started crying.

      f.     Plaintiff LERMAN published in his lawsuit (attached to the original complaint as Exhibit B), that LEVY has a sexually transmitted disease and during the oral act passed said disease to the defendant causing her to have a throat infection.

35.     The Defendant LERMAN deliberately and intentionally published these false allegations to the Latin media in Miami and beyond, where LEVY is well-known for his work in the entertainment industry, with the intent to defame and damage LEVY's reputation, unless LEVY agreed to a large monetary settlement.

36.     The Defendant LERMAN published the defamatory statements knowing that they were false and/or with reckless disregard for whether the statements were false.

37.     The defamatory statements have exposed LEVY to hatred, contempt, and ridicule, caused him to be shunned or avoided, have injured him in his occupation and have caused him a loss of reputation, and loss of goodwill. Additionally, the defamatory statements have caused LEVY mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of business relationships, loss of family standing, loss of employment abilities and others.

**WHEREFORE,** Plaintiff, WILLIAM LEVY demands judgment for compensatory and punitive damages against Defendant, STEVEN A. LERMAN, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

## COUNT IV:
## CLAIM FOR DEFAMATION PER SE
## AGAINST DEFENDANT, LERMAN

Plaintiff adopts and realleges paragraphs 1 through 27 as if fully set forth herein, and further states:

38.     Defendant LERMAN with the approval of K.A. published to the Latin media the following defamatory and untrue statements:

   a.     That LEVY is a rapist of little girls.

   b.     That this is not the first time that he has raped girls.

   c.     That LEVY is a criminal.

   d.     That LEVY grabbed K.A. by the neck and forced her head down onto his private parts and made her continue with that until he had a climax.

   e.     K.A. gagged, almost threw up and started crying.

   f.     That LEVY has a sexually transmitted disease and during the oral act passed said disease to the defendant causing her to have a throat infection.

39.     The Defendant LERMAN deliberately and intentionally published these false allegations to the Latin media in Miami and beyond, where LEVY is well-known for his work in the entertainment industry, with the intent to defame and damage LEVY's reputation, unless LEVY agreed to a large monetary settlement.

40.     The Defendant LERMAN published the defamatory statements knowing that they were false and/or with reckless disregard for whether the statements were false.

41.     The defamatory statements have exposed LEVY to hatred, contempt, and ridicule, caused him to be shunned or avoided, have injured him in his occupation and have caused him a loss of reputation, and loss of goodwill. Additionally, the defamatory statements have caused LEVY

mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of business relationships, loss of family standing, loss of employment abilities and others.

**WHEREFORE,** Plaintiff, WILLIAM LEVY demands judgment for compensatory and punitive damages against Defendant, STEVEN A. LERMAN, and for all costs of this action, and such other and further relief as this Court may deem just and proper.

## GENERAL PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, LEVY demands judgment for compensatory, consequential, and punitive damages amounting to ten million ($10,000,000.00) dollars against Defendants LERMAN, and LAW FIRM, and for all costs of this action, including attorney's fees and costs, and such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff, WILLIAM LEVY, hereby demands a trial by jury of all issues so triable as of right.

Date submitted: <u>December 3, 2010</u>

Respectfully submitted,

By:   *s/ RALPH G. PATINO*
      **RALPH G. PATINO, ESQ.**
      Fla. Bar No. 768881
      PATINO & ASSOCIATES, P.A.
      Counsel for Plaintiff, WILLIAM LEVY
      225 Alcazar Avenue
      Coral Gables, Florida 33134
      Telephone No.: (305) 443-6163
      Facsimile No.: (305) 443-5635
      Email: rpatino@patinolaw.com