IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 10-22916-CIV-Moreno/Torres

WILLIAM LEVY, individually,

    Plaintiff,

v.

STEVEN A. LERMAN &
ASSOCIATES, INC., a California
Corporation and STEVEN A.LERMAN,
ESQ., individually,

    Defendants.
_____ /

**MOTION FOR HEARING ON DEFENDANTS' MOTION TO DISMISS**

Pursuant to Local Rules of Civil Procedure 7.1 (b) the Plaintiff respectfully requests a hearing on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and in support thereof states the following:

**I.    Introduction**

1. On January 18, 2011, the Defendants filed a Motion to Dismiss the Second Amended Complaint. A timely Response opposing the Motion to Dismiss was subsequently filed on February 1, 2011. Soon thereafter, on February 8, 2011, the Defendants filed their reply and supporting affidavits.

2. In the Reply, and supporting affidavits, the Defendants assert that this suit is being litigated in California and that this Court lacks personal jurisdiction over the Defendants.[1]

---

[1] *See Wendt v. Horowitz*, 822 So. 2d 1252 (Fla. 2002) (holding that "in order to "commit a tortious act" in Florida, a defendant's physical presence is not required in order to commit a tortious act in Florida.). *See also Smith v. Cuban American National Foundation*, 657 So. 2d 86

This is absolutely incorrect and is only an attempt to have this court transfer the instant case which is properly within the jurisdiction of this Court.

3. Contrary to the Defendants' erroneous position, the causes of action in this case, **defamation** and **defamation per se**, do not arise out of the same transaction and occurrence which forms the basis for the California action and thus are properly brought forth in this Court.

## II. Reasons for a Hearing

4. The Defendant has maliciously made the following defamatory statements during interviews on Latin Media outlets (specifically "Escandalo TV", "Azteca America", and "El Gordo y la Flaca"):

> "Senor Levy es un violador de las niñas." (Translation: "Mr. Levy is a rapist of little (young) girls." and

> "Este Senor Levy es un violador de las niñas …un criminal." (Translation: "This Mr. Levy is a rapist of little (young) girls…a criminal.").

These defamatory statements were then televised/ published in Florida allowing this Court assert personal jurisdiction through the Florida Long Arm Statute, Fla. Stat. § 48.193(1)(b). As it can easily be discerned from the foregoing statements, the Defendant is claiming that the Plaintiff has: 1) raped in the past, 2) raped many girls, and 3) raped little girls insinuating that he is a pedophile.

5. All of the aforementioned statements are false. Plaintiff Levy has never raped a girl much less a little young girl. Furthermore, the Plaintiff is not a criminal as the only criminal investigation against Levy was dropped and no charges were filed against him.

---

(Fla. 3d DCA). (holding that the defendant had *prima facie* committed the tort of defamation by making defamatory statements in a televised interview conducted in Washington "under circumstance which it was entirely foreseeable that the subject film would be aired in Florida).

6. In order to convince this Court to transfer the case the Defendants are now asserting in their reply that that the foregoing statements were true and as such a determination of their truth will have to be made in California. The reply stated the following:

> "Among the many defenses which are available to Defendants is that the statements which Lerman made were, in fact true. Determining whether those statements [are] true will require a determination of whether the underlying sexual battery did or did not occur." [D.E.].

7. The foregoing statement is subtle yet deceiving because Counts I and II of the California action allege Sexual Battery and Battery Committed by Offensive Touching respectively. However, a determination of whether the sexual battery occurred is immaterial and irrelevant because Karla Alvarez, the plaintiff in the California suit, has **never** alleged she was raped **nor** did she allege any facts to support rape in the Complaint. Moreover, even if a jury renders an adverse decision against Plaintiff Levy in the California suit, it still would **not** prove Defendants' statements as true because the Complaint does **not** allege she was raped.

8. Indeed, Defendant Lerman's defamatory statements go far beyond the facts as alleged in the California case in that he not only does he accuse Levy of being a "rapist" he also accuses Levy of raping more than one "little (young) girl."

9. Lastly, the Defendants did not raise the argument that the defamatory statements were true in their Motion to Dismiss and as such should be precluded from arguing same in their Reply.

## III. Conclusion

10. As stated above, the Defendants have presented allegations that are false and meant to confuse this Court. The Plaintiff wishes to address these issues at a hearing in order to expel any confusion which may have been created by the allegations asserted in Defendants' Motion to Dismiss, Reply, and supporting affidavits.

WHEREFORE, the Plaintiff, WILLIAM LEVY, respectfully requests a hearing on Defendants' Motion to Dismiss the Second Amended Complaint, Plaintiff's Response to the Motion to Dismiss, and Defendants' replies thereto.

      Respectfully submitted,

By:   s/ Ralph G. Patino
       Ralph G. Patino, Esq. (Fla. Bar No. 768881)
       rpatino@patinolaw.com
       PATINO & ASSOCIATES, P.A.
       Counsel for Plaintiff, WILLIAM LEVY
       225 Alcazar Avenue
       Coral Gables, Florida 33134
       Telephone No.: (305) 443-6163
       Facsimile No.: (305) 443-5635
       Attorney for the Plaintiff, William Levy

## **CERTIFICATE OF NON-CONCURRENCE**

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

By:   s/ Ralph G. Patino
       Ralph G. Patino, Esq.

## **CERTIFICATE OF SERVICE**

**I hereby certify** that on February 10, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                By:    s/ Ralph G. Patino
                                                          Ralph G. Patino, Esq.

**SERVICE LIST**

**William Levy v. Steven A. Lerman & Associates, Inc., et al.
Case No.: 10-22916-CIV-Moreno/Torres
United States District Court for the Southern District of Florida**

Arthur L. Wallace, III
wallacelawfirm@yahoo.com
Wallace Law Office
2401 E. Atlantic Blvd., Suite 400
Pompano Beach, Florida 33062
Telephone: (954)943-2020
Fax: (954)7841552
Attorneys for Defendants, Steven A.
Lerman & Associates, Inc. and
Steven A. Lerman, Esq.
Method of Service via CM/ECF and
U.S. Mail

Anthony R. Lopez, Esq.
alopez@musicatty.com
Law Offices Lopez &Associates
9025Wilshire Blvd. Suite 500
Beverly Hills, California 90211
Telephone: (310)276-4700
Facsimile: (310)861-0509
Attorneys for Defendants, Steven A.
Lerman & Associates, Inc. and
Steven A. Lerman, Esq.
Method of Service via CM/ECF and
U.S. Mail

Ralph G. Patino, Esq. (Fla. Bar No. 768881)
rpatino@patinolaw.com
PATINO & ASSOCIATES, P.A.
Counsel for Plaintiff, WILLIAM LEVY
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone No.: (305) 443-6163
Facsimile No.: (305) 443-5635
Attorney for the Plaintiff, William Levy