UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-22916-CIV-MORENO

WILLIAM LEVY,

    Plaintiff,

vs.

STEVEN A. LERMAN & ASSOCIATES, INC.,
a California Corp., STEVEN A. LERMAN, ESQ.,
individually, and KARLA ALVAREZ, a minor by
and through her mother and natural guardian,
ANA SAUCEDO,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motions to Dismiss. After twice amending his Complaint and voluntarily dismissing several other counts, Plaintiff's only remaining allegations are for defamation and defamation per se against Defendant Steven A. Lerman, Esq. ("Lerman"). Lerman has moved to dismiss the Second Amended Complaint pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. Because the Court finds that it has personal jurisdiction over Defendant Lerman, that venue is proper in the Southern District of Florida, and that Plaintiff has properly stated causes of action for defamation and defamation per se, Lerman's Motion to Dismiss is DENIED.

### I. Background

Plaintiff William Levy is a highly recognized actor in the U.S. and Spanish entertainment industry. On August 17, 2010, Karla Alvarez ("K.A."), a minor, through her guardian *ad litem* Ana

Saucedo, sued Levy in California civil court for sexual battery and false imprisonment. Levy filed a counterclaim against K.A. and a third-party complaint against K.A.'s attorney, Lerman, and his law firm, Steven A. Lerman & Associates, Inc. (the "Lerman Law Firm"). Both the counterclaim and the third-party complaint were dismissed, leaving only K.A.'s suit against Levy to be litigated in the Central District of California.

In the Southern District of Florida, meanwhile, Levy filed his Complaint on August 11, 2010 and thereafter a First Amended Complaint on August 27, 2010 against Lerman, the Lerman Law Firm, and K.A., alleging civil extortion, civil conspiracy, intentional infliction of emotional distress, wrongful interference with economic advantage, tortious deceit, and defamation. On September 30, 2010, after Lerman and the Lerman Law Firm filed separate but substantively identical Motions to Dismiss the Amended Complaint, Levy voluntarily dismissed without prejudice the counts for civil extortion, civil conspiracy, wrongful interference with economic advantage, and tortious deceit, leaving three remaining counts: intentional infliction of emotional distress against Lerman and the Lerman Law Firm, and defamation against Lerman.

On January 4, 2011 Levy, with leave of the Court, filed a Second Amended Complaint—the most recent pleading in this action—alleging intentional infliction of emotional distress against Lerman and the Lerman Law Firm, and defamation and defamation per se against Lerman. Then, on February 1, 2011, after Lerman and the Lerman Law Firm filed separate but substantively identical Motions to Dismiss the Second Amended Complaint, Levy voluntarily dismissed without prejudice the counts for intentional infliction of emotional distress against Lerman and the Lerman Law Firm, leaving as the only two remaining counts the defamation and defamation per se counts against Lerman. Therefore, the Court will only address the portions of the Motions to Dismiss pertaining to

these counts.

## II. Discussion

Defendant Lerman raises several arguments in support of his Motion to Dismiss the Second Amended Complaint. The Court will address each in turn.

### A. Personal Jurisdiction

First, Lerman argues that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction. The Court disagrees. A federal court sitting in diversity may only exercise personal jurisdiction over a nonresident defendant to the extent permitted by the long-arm statute of the forum state and if the exercise of jurisdiction comports with the requirements of due process. *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1552 (11th Cir. 1993). In determining whether the Court has personal jurisdiction over Defendant Lerman, a nonresident of Florida, the Court must apply a two-part analysis. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). First, the Court must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. *Id.* If so, the Court must then determine whether there are sufficient minimum contacts with Florida to satisfy due process requirements. *Id.* (internal citations omitted).

The reach of Florida's long-arm statute is a question of Florida law. *Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983). Accordingly, federal courts are required to construe the long-arm statute as would the Florida Supreme Court. *Id.* at 890–91. The Florida long-arm statute, § 48.193(1)(b) Fla. Stat., provides a basis for jurisdiction over any person who commits a tortious act within the state. In his Second Amended Complaint, Levy alleges that Lerman committed the torts of defamation and defamation per se by maliciously

uttering defamatory statements in televised interviews with the Spanish media—interviews which were then broadcast in Florida. The tort of defamation is generally held to occur wherever the offending material is circulated. *Madara v. Hall*, 916 F.2d 1510, 1515 (11th Cir. 1990). Therefore, because the defamatory torts in this case occurred in Florida, the Court may exercise jurisdiction over Lerman under the Florida long-arm statute. *See Stephanian v. Addis*, 782 F.2d 902 (11th Cir. 1986) (in defamation action against attorney who made allegedly libelous statements to reporter in Washington, D.C., where statements were eventually published in newspapers distributed in Florida, court stated, "where a person informs a news reporter, the tort of slander and libel can occur [in Florida,] where the allegedly false material is circulated."); *see also Smith v. Cuban Am. Nat'l Found.*, 657 So. 2d 86 (Fla. 3d DCA 1995) ("The defendant *prima facie* committed a defamatory tort in [Florida] by making certain alleged defamatory statements in a televised interview conducted in Washington, D.C. . . . under circumstances in which it was entirely foreseeable that the subject [interview] would be aired in Florida, which in fact it was.").

Moreover, as to the second part of the analysis, it is well-settled that "by committing a tort in Florida a nonresident establishes sufficient minimum contacts with Florida to justify the acquisition of in personam jurisdiction over him . . . ." *Godfrey v. Neumann*, 373 So. 2d 920, 922 (Fla. 1979) (internal quotations omitted). Therefore, the Court finds that it has personal jurisdiction over Defendant Lerman.

### B. Notice

Second, Lerman argues, relying on Fla. Stat. § 770.01, that Levy was required to provide five days notice prior to filing this action. The Court finds this argument to be without merit, as Fla. Stat. § 770.01 is not applicable to non-media defendants, including non-media defendants whose alleged

defamatory statements are republished by news media. *See Ortega Trujillo v. Banco Central Del Ecuador*, 17 F. Supp. 2d 1334, 1337 (S.D. Fla. 1998).

### C. Failure to State a Claim

Third, Lerman asserts that Levy's Complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Levy has failed to plead sufficient facts to establish actual malice, one of the required elements of defamation. At the outset the Court notes that Lerman has not challenged Levy's properly pled count of defamation per se, as statements defamatory per se are presumed harmful as a matter of law, making it unnecessary to prove actual malice. *See Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 727 (Fla. 4th DCA 2010). Therefore, any motion to dismiss for failure to state a claim can be denied on this basis alone. Nevertheless, after viewing the complaint in the light most favorable to the Plaintiff, the Court finds that Levy has indeed pled facts sufficient to establish actual malice, as the Second Amended Complaint specifically lists the alleged defamatory statements and alleges that such statements were made by Lerman with knowledge that they were false and/or with reckless disregard as to their truth or falsity. Second Am. Compl. 6–7. Accordingly, the Court finds that Levy has pled sufficient facts to state a claim for defamation and defamation per se against Lerman.

### D. Venue

Lastly, Lerman asserts that the Court must transfer this action to California pursuant to Fed. R. Civ. P. 12(b)(3), arguing that the same matters are already being litigated in California. The Court rejects this argument as moot, as Lerman and the Lerman Law Firm are no longer parties in the California action.

## III. Conclusion

Accordingly, THE COURT having considered the motions to dismiss, the responses and replies thereto, the pertinent portions of the record and the relevant case law, and being otherwise fully advised in the premises, it is

**ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motions to Dismiss Plaintiff's Amended Complaint **(D.Es. 15 and 16)** are DENIED AS MOOT, in view of Plaintiff's Second Amended Complaint.

2. Defendants' Motions for Judicial Notice in Reply to Plaintiff's Response to Defendants' Motions to Dismiss Plaintiff's Amended Complaint **(D.Es. 24 and 25)** are DENIED AS MOOT, in view of Plaintiff's Second Amended Complaint.

3. Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint **(D.Es. 36 and 37)**, are DENIED on their merits.

4. Plaintiff's Motion for Hearing on Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint **(D.E. 45)** is DENIED AS MOOT.

5. Defendant Lerman shall file an answer to Plaintiff's Second Amended Complaint no later than **August 22, 2011**.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of July, 2011.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record